JS 44 (Rev. 06/17)
# CIVIL COVER SHEET
County in which action arose: Oakland County

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Megan Messer, and on behalf of all others similarly situated.

### DEFENDANTS
Advanced Body Care Plus, Inc. aka Skintuition, and Lauren Hatley, individually, jointly and severally

**(b)** County of Residence of First Listed Plaintiff: Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Oakland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tony Paris & John Philo -Sugar Law Center for Economic & Social Justice
4605 Cass Avenue, Suite 200, Detroit, MI 48201
(313) 993-4505

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [X] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 201, 29 USC 215(a)(3), 29 CFR 531.52, 531.59
Brief description of cause:
Fair Labor Standards - nonpayment of wages, tips and retaliation/discharge

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: February 7, 2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**MEGAN MESSER,**
**and on behalf of all others**
**similarly situated,**

        Plaintiffs,

v.

**ADVANCED BODY CARE PLUS, INC. aka**
**SKINTUITION, and**
**LAUREN HATLEY, individually,**
**Jointly and severally,**

        Defendants.

Case No:
Honorable:

---

Tony Paris (P71525)
John Philo (P52721)
**SUGAR LAW CENTER FOR**
**ECONOMIC & SOCIAL JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505 / (313) 887-8470 (Fax)
tparis@sugarlaw.org
jphilo@sugarlaw.org
***Attorneys for Plaintiffs***

---

### PLAINTIFFS' COMPLAINT & JURY DEMAND

NOW COMES Plaintiff MEGAN MESSER, on behalf of herself and other persons similarly situated, known and unknown, by and through their attorneys the SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE and for her Complaint, does hereby allege as follows:

1

## PRELIMINARY STATEMENT

1. This lawsuit is brought on behalf of individuals who are, and were, employed by the Defendants ADVANCED BODY CARE PLUS, INC. ("ABCP") also known as SKINTUITION and its owner LAUREN HATLEY, formerly LAUREN DUVALL ("Hatley") and arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411, *et seq.* ("MWOWA"), MCL § 600.2952, the Michigan Whistleblowers' Protection Act ("MWPA"), MCL § 15.362, the Michigan Payment of Wages and Fringe Benefits Act ("MPWFBA"), MCL § 408.477, and the common laws of the State of Michigan.

2. During Plaintiff's employment, Defendants failed to pay the Plaintiff and similarly situated workers their proper wages and tips, terminated Plaintiff Megan Messer for asserting wage claims and/or cooperating with an FLSA investigation, and/or for engaging in concerted protected activity.

## JURISDICTION & VENUE

3. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 216(b).

4. This Court has diversity jurisdiction over the Plaintiff and similarly situated persons' state law claims pursuant to 28 U.S. Code § 1332. The amount in controversy exceeds $75,000, exclusive of costs and interests. Alternatively, this

Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The pendant state claims are part of the same case or controversy and do not predominate or raise novel or complex issues.

5. Venue is proper pursuant to 28 USC §1391, since Defendants are doing business in the Eastern District of Michigan and the events giving rise to this action occurred within this District.

## THE PARTIES

6. Plaintiff Megan Messer resides in the City of Waterford, Oakland County, Michigan.

7. Defendant Advanced Body Care Plus, Inc. ("ABCP"), also known or otherwise marketed and operating under the assumed name "Skintuition," is a domestic profit corporation organized and registered under the laws of Michigan operating in Oakland County, Michigan.

8. Defendant Lauren Hatley is the owner, president, treasurer, secretary, and director of the Defendant Advanced Body Care Plus, Inc. ("ABCP"), and resides in Oakland County, Michigan. The Defendants are doing business in the State of Michigan.

## STATEMENT OF FACTS

9. Defendant ABCP is a "beauty service, hair removal" and "skin care treatment" for-profit corporation doing business in the State of Michigan.

3

10. Defendant ABCP provides esthetician services, which include but are not limited to: laser hair removal, waxing, permanent makeup, eyelash enhancement services, and general skin care (the "work").

11. Defendants employ at least six (6) estheticians to perform this work.

12. Plaintiff Megan Messer was one of the persons that Defendants hired to perform this work.

13. Plaintiff Megan Messer began employment with ABCP in March 2018,

14. At various points during her employment with Defendants in 2018, Plaintiff Messer's work included, but was not limited to:

    a. Laser hair removal.
    b. Skin care treatments.
    c. Airbrush tanning.
    d. Eye lash enhancements.
    e. Body waxing.

15. During Plaintiff's and other similarly situated individuals' employment, Defendants held many mandatory unpaid trainings.

16. During Plaintiff and other similarly situated individuals' employment, Defendants held many mandatory unpaid meetings.

17. Defendants held one such mandatory training or meeting on December 5, 2018.

18. On or about December 3, 2018 Plaintiff Megan Messer inquired with Defendant Hatley as to the pay for this mandatory training or meeting.

4

19. Defendant Hatley told Plaintiff Megan Messer that the December 5, 2018 mandatory training or meeting would be unpaid.

20. On or December 5, 2018 Plaintiff Megan Messer inquired with the United States Department of Labor as to her and her coworkers' rights under applicable federal wage & hour laws and spoke with an investigator with the United State Department of Labor's Wage & Hour Division who advised her of such rights.

21. Plaintiff Megan Messer then discussed these rights with her coworkers and options in addressing these rights with Defendant Hatley.

22. Defendant Hatley learned of Plaintiff Megan Messer's contact with the United States Department of Labor.

23. Defendant Hatley also learned of Plaintiff Megan Messer's communication with her coworkers regarding such wage & hour rights.

24. Megan Messer was terminated by Defendants on December 10, 2018.

25. For customer credit card payments, including tips, Defendants deduct from Plaintiffs' and similarly situated employees a standard set rate of 3.7% for a "processing fee."

26. A percentage of these deductions were kept by the employer and not put toward any "processing fee" until approximately January 21, 2019.

27. At no time did Plaintiff or other similarly situated employees give written consent to have this additional percentage beyond the actual processing fee

5

charged by third-party vendor "Vagaro" deducted from their pay and kept by the Defendants.

28. At no time did Plaintiff or otherwise similarly situated employees give consent to have Defendants take and keep a portion of their earned tipped income.

29. Under the FLSA, the federal minimum wage rate was $7.25 per hour from July 24, 2009 through the present.

30. Under MWOWA, the state minimum wage rate was $8.15 per hour from September 1, 2014 through December 31, 2015; $8.50 per hour from January 1, 2016 through December 31, 2016; $8.90 per hour from January 1, 2017 through December 31, 2017; and $9.25 per hour from January 1, 2018 through the present.

31. Defendants failed to pay Plaintiff and other employees for all requisite hours, resulting in their being paid wages below the federal and state minimum wage rates.

## Class & Collective Action

32. Plaintiff incorporates by reference paragraphs 1 through 31 above as though fully stated herein.

33. A copy of Plaintiff's consent, as well as that of her coworkers, to bring her claim for unpaid wages under the FLSA as a representative action will be filed with this Court.

6

34. Counts 1 & 2 are brought as collective actions under the FLSA, 29 U.S.C. §216(b).

35. The collective class consists of all persons who were, as alleged herein, employees of the Defendants.

36. Counts 5 & 6 are brought as a class action pursuant to Fed. R. Civ. P. 23 (a) and 23 (b) because:

   a. the class of plaintiffs is so numerous that joinder of all class members is impracticable;

   b. there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;

   c. the claims or defenses of the representative party is typical of the claims of the class;

   d. the representative parties will fairly and adequately assert and protect the interests of the class; and

   e. the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

37. The class representative Megan Messer, and the class members have been equally affected by Defendants' failure to pay minimum wages for all hours.

38. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

39. The class representative Megan Messer, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

40. The class representative Megan Messer is able to fairly and adequately represent and protect the interests of the class.

41. If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to class members, Defendants, and the resources of the Court.

42. A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C § 201, *et seq.*
## Failure to Pay Wages

43. Plaintiff incorporates by reference paragraphs 1 through 42 above as though fully stated herein.

44. In violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, Defendants failed to pay Plaintiff and similarly situated persons at the federal minimum wage rate for all hours worked.

45. At all times relevant to this action, Plaintiff Megan Messer and similarly situated persons were employees of Defendants within the meaning of the FLSA.

46. At all times relevant to this action, Defendants were the employers of Plaintiff Megan Messer and similarly situated persons within the meaning of the FLSA.

47. Defendants knowingly, intentionally and willfully failed to pay Plaintiff Megan Messer and similarly situated persons for all requisite hours.

48. As a result of Defendants' conduct, Plaintiff Megan Messer and similarly situated persons are entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### 29 C.F.R. § 531.52, § 531.59
### Tip Theft / Improper Deductions

49. Plaintiff incorporates by reference paragraphs 1 through 48 above as though fully stated herein.

50. Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA.

51. The employer is prohibited from using an employee's tips for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

52. In violation of the FLSA and federal regulations, Defendants regularly kept a percentage of Plaintiff's and other similarly situated employees' credit card tips above and beyond any charged credit card processing fee.

53. Defendants knowingly, intentionally and willfully failed to pay Plaintiff Megan Messer and other similarly situated employees their full amount of tips as required by law.

54. Defendants used a percentage of Plaintiff Megan Messer and other similarly situated employees' tips for other purposes beyond what is statutorily permitted.

55. As a result of Defendants' conduct, Plaintiff is entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

# COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C § 215(a)(3)
### Discharge of Megan Messer in Retaliation

56. Plaintiff incorporates by reference paragraphs 1 through 55 above as though fully stated herein.

57. Defendants terminated Plaintiff Megan Messer on December 10, 2018 because she contacted and cooperated with the United States Department of Labor Wage and Hour Division.

58. Defendants terminated Plaintiff Megan Messer on December 10, 2018 because she made an internal complaint to Defendant Hatley regarding employees' nonpayment for mandatory trainings or meetings.

59. As a result of Defendants' conduct, Plaintiff is entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

# COUNT IV
## MICHIGAN WHISTLEBLOWERS' PROTECTION ACT
## MCL § 15.362
### Discharge of Megan Messer

60. Plaintiff incorporates by reference paragraphs 1 through 59 above as though fully stated herein.

61. Defendants discharged Plaintiff Megan Messer for reporting a violation or suspected violation of law to a public body.

62. Defendant Hatley learned Plaintiff Megan Messer had brought up employees' wage issues with the United States Department of Labor and then discussed this matter with some of her coworkers.

63. The United States Department of Labor is a public body.

64. As a result of Defendants' conduct, Plaintiff is entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT V
## MICHIGAN PAYMENT OF WAGES AND FRINGE BENEFITS ACT
## MCL § 408.477

65. Plaintiff incorporates by reference paragraphs 1 through 64 above as though fully stated herein.

66. Defendants deducted from Plaintiff Megan Messer, and similarly situated employees, tipped wages without full, free, and written consent.

67. As a result of Defendants' conduct, Plaintiff is entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT VI
## MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
### Failure to pay Minimum Wage

68. Plaintiff incorporates by reference paragraphs 1 through 67 above as though fully stated herein.

69. State law provides that "An employer shall not pay an employee at a rate that is less than prescribed" in the Michigan Workforce Opportunity Wage Act ("MWOWA") MCL 408.414.[1]

70. At all times relevant to this action, Plaintiff and similarly situated persons were employees of the Defendants within the meaning of the MWOWA. MCLS 408.412.

71. At all times relevant to this action, Defendants were the "employer" of Plaintiff and similarly situated persons within the meaning of MWOWA. MCLS 408.412.[2]

72. In violation of the MWOWA, Defendant failed to pay Plaintiff and similarly situated persons the minimum wage for all requisite hours.

---

[1] Employees in Michigan covered by both the FLSA and the MMWL have a substantive right to the higher of the two possible minimum wages, which they can enforce with equal measure, provided their lawsuits are timely. *Arrington v. Mich. Bell Tel. Co.*, 746 F. Supp. 2d 854, 859 (E.D. Mich. 2010).

[2] The general characteristics identifying employers are: (1) that they select and engage the employee, (2) that they pay the wages, (3) that they have the power of dismissal, and (4) that they have power and control over the employee's conduct. *Saginaw Stage Employees Local 35, etc. v. Saginaw*, 150 Mich. App. 132, 387 N.W.2d 859, 1986 Mich. App. LEXIS 2537 (1986), app. denied, 425 Mich. 873 (1986).

73. Defendants knowingly, intentionally and willfully failed to pay Plaintiff and similarly situated persons for hours worked and at minimum wage rates.

74. As a result of Defendants' conduct, Plaintiff and similarly situated persons is entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT VII
## BREACH OF CONTRACT

75. Plaintiff incorporates by reference paragraphs 1 through 74 above as though fully stated herein

76. Defendants breached the terms and conditions of the employment contract promises by:

    a. failing to pay Plaintiff for all hours worked;

    b. failing to the full amount of owed tip income

77. Most of the promises were made directly by Defendant Hatley for the purpose of inducing Plaintiff to work. Defendant ABCP is under the exclusive control of Defendant Hatley who uses ABCP and "Skintuition" as her instrumentality for personal profit and gain to the detriment of its workers.

78. Wherefore, Plaintiff is entitled to the benefit of the contractual promises to pay an hourly rate for hours worked.

## DEMAND FOR JURY TRIAL

Plaintiff Megan Messer, on behalf of themselves and all similarly situated persons, known or unknown, hereby demand a trial by jury in the above-captioned matter.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Megan Messer, on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

a. permission for individuals who work or have worked for Defendants and who have not been paid for all requisite trainings and meetings, as well as whom have had a percentage of their tipped income kept by the Defendants, to opt-in to this action, pursuant to § 216(b) of the FLSA;

b. certification of a class action under Rule 23 for all those similarly situated and an award of all damages to which the Plaintiff may be entitled;

c. liquidated and multiple damages as allowed by law, including damages under FLSA, MWOWA; MWPA; MPWFBA

d. an injunction prohibiting Defendants from further violations of the law as described here;

e. post-judgement assignment of attorney's fees and costs; and

f. any other relief to which Plaintiff may be entitled.

Respectfully submitted,

15

|  |  |
|---|---|
| | /s/ Tony Paris |
| | Tony Paris (P71525) |
| | John Philo (P52721) |
| | **SUGAR LAW CENTER FOR** |
| | **ECONOMIC & SOCIAL JUSTICE** |
| | 4605 Cass Avenue, Second Floor |
| | Detroit, Michigan 48201 |
| | (313) 993-4505 |
| | tparis@sugarlaw.org |
| | jphilo@sugarlaw.org |
| | *Attorneys for Plaintiffs* |
| Date: February 7, 2019 | |

16