# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**MEGAN MESSER,**
**and on behalf of all others**
**similarly situated,**

      Plaintiffs,                        Case No. 5:19-cv-10396 JEL-RSW

v.                                  Honorable: Judith E. Levy
                                  Magistrate R. Steven Whalen

**ADVANCED BODY CARE PLUS, INC., aka**
**SKINTUITION, and,**
**LAUREN HATLEY, individually,**
**Jointly and Severally,**

      Defendants.

_____/

| | |
|---|---|
| TONY PARIS (P71525) | TOVA SHABAN (P38392) |
| JOHN PHILO (P52721) | DAVID HANSMA (P71056) |
| **SUGAR LAW CENTER FOR** | **SEYBURN KAHN PC** |
| **ECONOMIC & SOCIAL JUSTICE** | Attorneys for Defendants |
| Attorneys for Plaintiff | 2000 Town Center |
| 4605 Cass Avenue, Second Floor | Suite 1500 |
| Detroit, MI  48201 | Southfield, MI  48075 |
| (313) 993-4505 (Phone) | (248) 353-7620 (Phone) |
| (313) 887-8470 (Facsimile) | (248) 353-3727 (Facsimile) |
| tparis@sugarlaw.org | tshaban@seyburn.com |
| jphilo@sugarlaw.org | dhansma@seyburn.com |

                                   DEAN G. GREENBLATT (P54139)
                                   **DEAN G. GREENBLATT, PLC**
                                   Attorney for Defendants
                                   4190 Telegraph Road, Suite 3500
                                   Bloomfield Hills, MI  48302
                                   (248) 644-7520 (Phone)
                                   (248) 644-8760 (Facsimile)
                                   dgg@mnsi.net

_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,
## AFFIRMATIVE DEFENSES,
## RELIANCE ON JURY DEMAND

**Advanced Body Care Plus, Inc. d/b/a Skintuition** (hereinafter referred to as "ABC"); and Lauren Hatley (hereinafter referred to as "Hatley") (collectively, "Defendants"), through their attorneys Seyburn Kahn PC and Dean G. Greenblatt, PLC answer the Complaint of Plaintiff **Megan Messer** and on behalf of all others similarly situated (hereinafter alternatively referred to as "Messer") as follows:

### PRELIMINARY STATEMENT

1. With respect to Messer's allegation(s) contained within paragraph 1 of Messer's Complaint, Defendants admit only that Messer filed her Complaint with such allegation(s) to satisfy the jurisdictional reach of this Court. Defendants lack knowledge or information sufficient to form a belief about the truth of all other remaining allegations contained within paragraph 1 of Messer's Complaint.

2. Defendants deny the allegations contained within paragraph 2 of Messer's Complaint for the reason that they are untrue.

## JURISDICTION & VENUE

3.  With respect to Messer's allegation(s) contained within paragraph 3 of Messer's Complaint, Defendants admit only that Messer has filed her Complaint with such allegation(s) to satisfy the jurisdictional reach of this Court.  Defendants deny any liability to Messer.

4.  Defendants deny the allegations contained within paragraph 4 of Messer's Complaint for the reason that they are untrue.

5.  Defendants neither admit nor deny the allegations contained within paragraph 5 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

## THE PARTIES

6.  Defendants neither admit nor deny the allegations contained within paragraph 6 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

7.  Defendants admit the allegations contained within paragraph 7 of Messer's Complaint.

8.  Defendants admit the allegations contained within paragraph 8 of Messer's Complaint.

9.    Defendants admit the allegations contained within paragraph 9 of Messer's Complaint.

10.   Defendants admit the allegations contained within paragraph 10 of Messer's Complaint.

11.   Defendants deny the allegations contained within paragraph 11 of Messer's Complaint for the reason that they are untrue.

12.   Defendants admit that Messer was hired to perform laser hair removal. Defendants neither admit nor deny the remaining allegations contained within paragraph 12 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs

13.   Defendants admit the allegations contained within paragraph 13 of Messer's Complaint.

14.   Defendants admit the allegations contained within paragraph 14 of Messer's Complaint.

15.   Defendants deny the allegations contained within paragraph 15 of Messer's Complaint for the reason that they are untrue.

16.   Defendants deny the allegations contained within paragraph 16 of Messer's Complaint for the reason that they are untrue.

17.   Defendants deny the allegations contained within paragraph 17 of Messer's Complaint for the reason that they are untrue.

18.   Defendants admit that Messer inquired about her pay for a training opportunity, which was not mandatory. Defendants deny all other allegations contained within paragraph 18 of Messer's Complaint for the reason that they are untrue.

19.   Defendants deny the allegations contained within paragraph 19 of Messer's Complaint for the reason that they are untrue.

20.   Defendants neither admit nor deny the allegations contained within paragraph 20 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

21.   Defendants neither admit nor deny the allegations contained within paragraph 21 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

22.   Defendants deny the allegations contained within paragraph 22 of Messer's Complaint for the reason that they are untrue.

23.   Defendants deny the allegations contained within paragraph 23 of Messer's Complaint for the reason that they are untrue.

24.    Defendants admit the allegations contained within paragraph 24 of Messer's Complaint.

25.    Defendants deny the allegations contained within paragraph 25 of Messer's Complaint for the reason that they are untrue.

26.    Defendants deny the allegations contained within paragraph 26 of Messer's Complaint for the reason that they are untrue. In further answer, Defendants affirmatively state that the deduction of credit processing fees on tips received through customer credit card transactions were assessed monthly in arrears.

27.    Defendants deny the allegations contained within paragraph 27 of Messer's Complaint for the reason that they are untrue. In further answer, Defendants affirmatively state that neither Messer nor any other employee had funds deducted from customer tip transactions in excess of credit card processing fees. Messer and other employees were fully informed about and had agreed to the deduction of credit processing fees on tips received through customer credit card transactions.

28.    Defendants deny the allegations contained within paragraph 28 of Messer's Complaint for the reason that they are untrue. In further answer, Defendants affirmatively state that Messer and all other employees were

fully informed about and had agreed to the deduction of credit processing fees on tips received through customer credit card transactions.

29.   Defendants neither admit nor deny the allegations contained within paragraph 29 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

30.   Defendants neither admit nor deny the allegations contained within paragraph 30 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

31.   Defendants deny the allegations contained within paragraph 31 of Messer's Complaint for the reason that they are untrue.

## CLASS & COLLECTIVE ACTION

32.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 31 as though fully stated herein.

33.   Defendants neither admit nor deny the allegations contained within paragraph 33 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.  In further answer, Defendants affirmatively state there was no consent attached to the Complaint.

34.   Defendants neither admit nor deny the allegations contained within paragraph 34 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

35.   Defendants neither admit nor deny the allegations contained within paragraph 35 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

36.   (a.-e.) Defendants neither admit nor deny the allegations contained within paragraph 36 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

37.   Defendants deny the allegations contained within paragraph 37 of Messer's Complaint for the reason that they are untrue.

38.   Defendants neither admit nor deny the allegations contained within paragraph 38 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

39.   Defendants deny the allegations contained within paragraph 39 of Messer's Complaint for the reason that they are untrue.

40. Defendants deny the allegations contained within paragraph 40 of Messer's Complaint for the reason that they are untrue.

41. Defendants deny the allegations contained within paragraph 41 of Messer's Complaint for the reason that they are untrue.

42. Defendants deny the allegations contained within paragraph 42 of Messer's Complaint for the reason that they are untrue.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY WAGES**

43. Defendants adopt and incorporate by reference their answers to paragraphs 1 through 42 as though fully stated herein.

44. Defendants deny the allegations contained within paragraph 44 of Messer's Complaint for the reason that they are untrue.

45. Defendants neither admit nor deny the allegations contained within paragraph 45 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

46. Defendants neither admit nor deny the allegations contained within paragraph 46 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

47. Defendants deny the allegations contained within paragraph 47 of Messer's Complaint for the reason that they are untrue.

48. Defendants deny the allegations contained within paragraph 48 of Messer's Complaint for the reason that they are untrue.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, *et seq*.
### 29 U.S.C. § 531.52, § 531.59.
## TIP THEFT / IMPROPER DEDUCTIONS

49. Defendants adopt and incorporate by reference their answers to paragraphs 1 through 48 as though fully stated herein.

50. Defendants neither admit nor deny the allegations contained within paragraph 50 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

51. Defendants neither admit nor deny the allegations contained within paragraph 51 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

52. Defendants deny the allegations contained within paragraph 52 of Messer's Complaint for the reason that they are untrue.

53.   Defendants deny the allegations contained within paragraph 53 of Messer's Complaint for the reason that they are untrue.

54.   Defendants deny the allegations contained within paragraph 54 of Messer's Complaint for the reason that they are untrue.

55.   Defendants deny the allegations contained within paragraph 55 of Messer's Complaint for the reason that they are untrue.

**COUNT III**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 215(a)(3)**
**DISCHARGE OF MEGAN MESSER IN RETALIATION**

56.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 55 as though fully stated herein.

57.   Defendants deny the allegations contained within paragraph 57 of Messer's Complaint for the reason that they are untrue.

58.   Defendants deny the allegations contained within paragraph 58 of Messer's Complaint for the reason that they are untrue.

59.   Defendants deny the allegations contained within paragraph 59 of Messer's Complaint for the reason that they are untrue.

**COUNT IV**
**MICHIGAN WHISTLEBLOWERS' PROTECTION ACT**
**MCL § 15.362**
**DISCHARGE OF MEGAN MESSER**

60.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 59 as though fully stated herein.

61.   Defendants deny the allegations contained within paragraph 61 of Messer's Complaint for the reason that they are untrue.

62.   Defendants deny the allegations contained within paragraph 62 of Messer's Complaint for the reason that they are untrue.

63.   Defendants neither admit nor deny the allegations contained within paragraph 63 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

64.   Defendants deny the allegations contained within paragraph 64 of Messer's Complaint for the reason that they are untrue.

## COUNT V
## MICHIGAN PAYMENT OF WAGES AND FRINGE BENEFITS ACT
## MCL § 408.477

65.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 64 as though fully stated herein.

66.   Defendants deny the allegations contained within paragraph 66 of Messer's Complaint for the reason that they are untrue.

67.   Defendants deny the allegations contained within paragraph 67 of Messer's Complaint for the reason that they are untrue.

## COUNT VI
## MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

68.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 67 as though fully stated herein.

69.   Defendants neither admit nor deny the allegations contained within paragraph 69 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

70.   Defendants neither admit nor deny the allegations contained within paragraph 70 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

71.   Defendants neither admit nor deny the allegations contained within paragraph 71 of Messer's Complaint because they lack knowledge or information sufficient to form a belief about the truth of the allegations and thereby leave Plaintiff to her proofs.

72.   Defendants deny the allegations contained within paragraph 72 of Messer's Complaint for the reason that they are untrue.

73.   Defendants deny the allegations contained within paragraph 73 of Messer's Complaint for the reason that they are untrue.

74.   Defendants deny the allegations contained within paragraph 74 of Messer's Complaint for the reason that they are untrue.

## COUNT VII
## BREACH OF CONTRACT

75.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 74 as though fully stated herein.

76.   Defendants deny the allegations contained within paragraph 76 of Messer's Complaint for the reason that they are untrue.

77.   Defendants deny the allegations contained within paragraph 77 of Messer's Complaint for the reason that they are untrue.

78.   Defendants deny the allegations contained within paragraph 78 of Messer's Complaint for the reason that they are untrue.

## RELIANCE ON JURY DEMAND

Defendants rely upon the jury demand filed in this action, if any, and demands a trial by jury for actions and claims so triable.

## RELIEF REQUESTED

Defendants request Plaintiffs' Complaint on her behalf and on behalf of other persons similarly situated by dismissed with prejudice and that Defendants be awarded fees and costs wrongfully incurred in having to defend the action.

14

## **AFFIRMATIVE DEFENSES**

Defendants state the following Affirmative Defenses in response to the claims of Plaintiff as follows:

1.    Plaintiff's claims are barred for the reasons stated in Defendants' Answer.

2.    Plaintiff's claims are barred because Plaintiff and all others similarly situated employees were paid at or above the federal minimum and the Michigan minimum wage.

3.    Plaintiff and all others similarly situated employees were paid their tips less credit card processing fees.

4.    Plaintiff, an at-will employee, was properly terminated by Defendants for a legitimate business reason.

5.    Plaintiff's claims are barred for the reason that they have been satisfied through payment.

6.    Plaintiff's claims are barred for the reason that they have been waived by Plaintiff.

7.    Plaintiff's claims are barred for the reason that they have been satisfied through release.

8.    Plaintiff's claims are barred due to failure of consideration.

9.    Plaintiff's claims are barred for the reason that they have been satisfied through accord and satisfaction.

10.  Defendants reserve the right to add to this list of affirmative defenses as additional defenses present during or after the close of discovery.

Wherefore, Defendants request that Plaintiff's Complaint be dismissed with prejudice and that Defendants be awarded their costs, together with interest, court costs and attorney fees incurred by defending this action.

Respectfully submitted,

**Dean G. Greenblatt, PLC**

Dated:  March 12, 2019

/s/ Dean G. Greenblatt
By:  DEAN G. GREENBLATT (P54139)
Attorney for Defendants
4190 Telegraph Road, Suite 3500
Bloomfield Hills, MI  48302
(248) 644-7520 V
(248) 644-8760 F
dgg@mnsi.net

**Seyburn Kahn, PC**

/s/ Tova Shaban
By:   TOVA SHABAN (P38392)
DAVID HANSMA (P71056)
Attorneys for Defendants
2000 Town Center
Suite 1500
Southfield, MI  48075
(248) 353-7620 V
(248) 353-3727 F
tshaban@seyburn.com
dhansma@seyburn.com

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, March 12, 2019, I caused the foregoing

*Defendants' Answer to Plaintiff's Complaint, Affirmative Defenses,* and

*Reliance on Jury Demand* to be electronically filed via CM/ECF, which is

intended to send notice of the filing electronically to the following parties:

| | |
|---|---|
| TONY PARIS (P71525) | TOVA SHABAN (P38392) |
| JOHN PHILO (P52721) | DAVID HANSMA (P71056) |
| **SUGAR LAW CENTER FOR** | **SEYBURN KAHN PC** |
| **ECONOMIC & SOCIAL JUSTICE** | Attorneys for Defendants |
| Attorneys for Plaintiff | 2000 Town Center |
| 4605 Cass Avenue, Second Floor | Suite 1500 |
| Detroit, MI  48201 | Southfield, MI  48075 |
| (313) 993-4505 (Phone) | (248) 353-7620 (Phone) |
| (313) 887-8470 (Facsimile) | (248) 353-3727 (Facsimile) |
| tparis@sugarlaw.org | tshaban@seyburn.com |
| jphilo@sugarlaw.org | dhansma@seyburn.com |

DEAN G. GREENBLATT (P54139)
**DEAN G. GREENBLATT, PLC**
Attorney for Defendants
4190 Telegraph Road, Suite 3500
Bloomfield Hills, MI  48302
(248) 644-7520 (Phone)
(248) 644-8760 (Facsimile)
dgg@mnsi.net

/s/ *Dean G. Greenblatt*
Dean G. Greenblatt